IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW N.P. JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1379-RGA |
| DELAWARE STATE POLICE HEADQUARTERS, | : |
| Defendant. | : |

Matthew N.P. Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

February 11, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Matthew N.P. Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on September 5, 2018. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. He asserts jurisdiction by reason of a federal question and a federal defendant.[1] The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has also filed a motion to change judge. (D.I. 5).

**BACKGROUND**

In the Complaint, Plaintiff raises claims under federal criminal statutes and the Federal Tort Claims Act. The claims are similar to those in other cases Plaintiff has filed in this Court against different defendants. Plaintiff provides his biography beginning at birth through adulthood. (D.I. 2 at 3-7). Plaintiff indicates that for the past thirteen years he has had to deal with poisoning medications for a known misdiagnosis of schizophrenia. (*Id.* at 7). "Symptoms of the disease are that [Plaintiff] 'delusionally' believe[s] that Linda C. Jones is not [Plaintiff's] birth mother" in violation of 18 U.S.C. § 1035. (*Id.*). Plaintiff alleges that schizophrenia can be detected by a brain scan, but no one has provided him one. (*Id.*). Plaintiff alleges that "on his own," he paid to scan his brain for schizophrenia and other mental illness. (*Id.* at 8). The results indicate that he has a disease free and healthy brain. (*Id.*). Plaintiff alleges in 2017, he was arrested at his home by the State Police and then forcibly injected with antipsychotic drugs when he was transported to an involuntary hospitalization. (*Id.*).

---

[1] There are no federal defendants.

1

Plaintiff alleges he has been injured from head to toe. (*Id.* at 9). He seeks ten billion dollars in damages. (*Id.*).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## RECUSAL

Plaintiff moves for my recusal under 28 U.S.C. § 455(a). (D.I. 5). He claims that I have been abusive in denying him *in forma pauperis* status and refusing to issue U.S. Marshal service of summons and complaint in cases where he was granted *in forma pauperis* status. Jones contends that I set and hold him to deadlines, but do not hold his opponents to any deadlines, including deadlines of default judgment. He contends that even after evidence has been provided, I have taken no action on his behalf. Thus, Plaintiff contends that he remains kidnapped, raped, and poisoned under a false identity, all in violation of his First, Second, Eighth, and Thirteenth Amendment rights.

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

4

It is evident that Plaintiff takes exception to my prior rulings and this serves as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by me. Nor do my rulings demonstrate the Court acting in such manner when ruling in the cases wherein Jones is a party. After careful and deliberate consideration, the undersigned concludes that the Court has no actual bias or prejudice towards Jones and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455. Therefore, I will deny the motion.

## DISCUSSION

The sole Defendant, Delaware State Police Headquarters, is immune from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).

Finally, after thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the Complaint, while generally full of "fantastic and delusional" allegations, could conceivably be amended to

5

state a claim against some non-immune Defendant. Therefore, the Court will dismiss the Complaint as mostly frivolous and, to the extent not clearly frivolous, based upon Defendant's immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Plaintiff will be permitted to file an amended complaint.

## CONCLUSION

For the above reasons, the Court will: (1) deny the motion to change judge (D.I. 5); and (2) dismiss the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii). The Court permits amendment if filed within twenty-one days.

An appropriate order will be entered.